AO 93 (Rev. 11/13) Search and Seizure Warrant



# UNITED STATES DISTRICT COURT
for the
District of Vermont

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>U.S. Priority Mail Express parcel number<br>9470 1368 9523 2659 0050 11 and U.S. Priority Mail parcel numbers<br>9405 5368 9523 2718 2747 34 and 9405 5368 9523 2740 7197 53 | ) ) ) ) ) ) ) Case No. 2:20-mj-72 |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____Vermont_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, describing items constituting or leading to evidence of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

**YOU ARE COMMANDED** to execute this warrant on or before _____April 12, 2021_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Hon. Geoffrey W. Crawford_____.
*(United States Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 3/29/21 4:15 pm                                    _____
                                                                                                        *Judge's signature*

City and state:     Burlington, Vermont                           Hon. Geoffrey W. Crawford, Chief Judge
                                                                                              *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 2:20-mj-72 | Date and time warrant executed: 3/29/21 2:25 PM | Copy of warrant and inventory left with: Lindsay Mignott |
| Inventory made in the presence of: Postal Inspector Kristin Miller | | |

Inventory of the property taken and name of any person(s) seized:

Subject Parcel 1: (13) white pills labeled "M" on one side & "30" on the reverse side - consistent with Oxycodone Hydrochloride 30 mg. (6) blue pills labeled "K9" consistent w/ oxycodone Hydrochloride 30 mg.

Subject Parcel 2: (5) green pills labeled "OC" on one side & "80" on the reverse side - consistent with OxyContin 80 mg.

Subject Parcel 3: 5.5 grams of white powder consistent with cocaine

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 3/30/21

Jonathan Dunham
*Executing officer's signature*

Jonathan Dunham  U.S. Postal Inspector
*Printed name and title*

## ATTACHMENT A

Item to be Searched:

**Subject Parcel 1:** The following Priority Mail Express parcel, presently in the possession of the U.S. Postal Inspection Service at 8 New England Drive, Essex Junction, VT 05452:

Priority Mail Parcel Number:        9470 1368 9523 2659 0050 11

Sender Name and Address:            Gladys Choi
                                    730 NE 128th St Apt 1
                                    North Miami, FL 33161

Recipient Name and Address:         Andrew Morrison
                                    35 Pearl St.
                                    Essex Junction, VT 05452-3690

Parcel Weight:                      0.67 ounces



**Subject Parcel 2:** The following Priority Mail parcel, presently in the possession of the U.S. Postal Inspection Service at 8 New England Drive, Essex Junction, VT 05452:

Priority Mail Parcel Number:                9405 5368 9523 2718 2747 34

Sender Name and Address:                PFANNERSTILL PLC
                                        830 E Primrose St
                                        Springfield, MO 65807

Recipient Name and Address:             Andy Morrison
                                        35 Pearl St.
                                        Essex Junction, VT 05452-3690

Parcel Weight:                          2.33 ounces



**Subject Parcel 3:** The following Priority Mail parcel, presently in the possession of the U.S. Postal Inspection Service at 8 New England Drive, Essex Junction, VT 05452:

Priority Mail Parcel Number: 9405 5368 9523 2740 7197 53

Sender Name and Address: James Lang
170-15 104th Ave.
Jamaica, NY 11433

Recipient Name and Address: Andy Dodge Morrison
35 Pearl St.
Essex Junction, VT 05452-3690

Parcel Weight: 1.37 ounces



## **ATTACHMENT B**

ITEMS TO BE SEIZED

Any and all evidence and/or instrumentalities of violations of Title 21 U.S.C. §§ 841(a)(1), 843(b) and 846, knowing or intentional distribution of controlled substances, possession with intent to distribute controlled substances, use of a communication facility (including the mails) to facilitate the distribution of a controlled substance, and conspiracy to possess with intent to distribute and to distribute controlled substances, including the following:

a. Controlled substances, substances suspected to be controlled substances, drug processing and packaging material, cutting agents, and drug paraphernalia and literature;

b. Any and all documents, records and articles of personal property evidencing the obtaining, secreting, transfer, expenditure, and concealment of money and assets derived from or to be used in the purchase, and distribution of controlled substances, including the following: U.S. currency, foreign currency, jewelry, bank statements, receipts, electronics, financial and negotiable instruments, checks, money orders, records of wire transfers, and tax records.

## AFFIDAVIT

I, Jonathan Dunham, after being duly sworn, depose and state as follows:

## INTRODUCTION AND BACKGROUND

1. I am a Postal Inspector employed by the U.S. Postal Inspection Service (USPIS) and assigned to the Boston Division. The Boston Division has responsibility for USPIS investigations in Massachusetts, New York, Vermont, Connecticut, New Hampshire, Maine, and Rhode Island. I have been employed by the Inspection Service since April 2017, and I am currently assigned to the Burlington, Vermont Domicile.

2. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am empowered by law to conduct investigations and to make arrests for federal offenses.

3. My training and experience includes a Bachelor of Science degree in Criminal Justice, a Bachelor of Arts degree in Psychology, a certificate in Homeland Security, and a Master's degree in Criminal Justice from Westfield State University; Postal Inspector Basic Training at Potomac, Maryland; and Postal Inspector Post-Basic Training at Burlington, Vermont. During the course of my employment with the USPIS, I have conducted or participated in criminal investigations, including incidents where the U.S. Mail was used for the purpose of possessing with intent to distribute, distributing, and conspiring to possess with intent to distribute and to distribute, controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 843(b) and 846.

4. During my work on this case, I have reviewed reports prepared by other investigators regarding other investigative efforts. In addition, I have discussed this investigation with other agents and officers involved in the case. As a result of my personal participation in

1

this investigation, through my conversations with other investigators and agents, and my analysis of reports prepared for this investigation, I am familiar with aspects of this investigation. I submit this affidavit based upon my personal knowledge derived from my participation in this investigation and upon information that I have received from a variety of other sources. This affidavit does not contain all of the information gathered during this investigation; rather it contains information that I believe is sufficient to support my request. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for the search warrant, it does not set forth every fact that I or others have learned during the course of this investigation.

## ITEMS TO BE SEARCHED

5. I submit this affidavit in support of an application for a warrant to search the following parcel's (hereinafter referred to as the Subject Parcel's):

   a. U.S. Priority Mail Express parcel number **9470 1368 9523 2659 0050 11** mailed to "ANDREW MORRISON, 35 PEARL ST, ESSEX JUNCTION VT 05452-3690" from sender "GLADYS CHOI, 730 NE 128TH ST APT 1, NORTH MIAMI FL 33161" ("Subject Parcel 1"). The Subject Parcel's weight is 0.67 ounces and is further described in Attachment A.

   b. U.S. Priority Mail parcel number **9405 5368 9523 2718 2747 34** mailed to "ANDY MORRISON, 35 PEARL ST, ESSEX JUNCTION VT 05452-3690" from sender "PFANNERSTILL PLC, 830 E PRIMROSE ST, SPRINGFIELD MO 65807" ("Subject Parcel 2"). The Subject Parcel's weight is 2.33 ounces and is further described in Attachment A.

2

c. U.S. Priority Mail parcel number **9405 5368 9523 2740 7197 53** mailed to "ANDY DOGE MORRISON, 35 PEARL ST, ESSEX JUNCTION VT 05452-3690" from sender "JAMES LANG, 170-15 104TH AVE., JAMAICA NY 11433" ("Subject Parcel 3"). The Subject Parcel's weight is 1.37 ounces and is further described in Attachment A.

## PROBABLE CAUSE

6. On November 17, 2020, I received an email from an Essex Junction post office employee. The employee stated the following: "the neighbors at 33 Pearl St Apt A and B are all of sudden receiving a large amount of express mail which they never used to receive. [REDACTED] said when [he/she] delivers the express packages to 33 Pearl A & B, there is always a guy outside in the yard and usually when [he/she] is leaving, the guy goes straight to mailbox but only takes the express packages and never grabs the mail."

7. On November 23, 2020, I retrieved a priority mail parcel from my office mailbox. The parcel was addressed to "Kristin Miller/Jon Dunham", from "Postmaster Essex Junction, VT 05452-9998". I opened the parcel and discovered an open Priority Mail Express parcel, EJ 496 154 165 US addressed to "Wilhemenia Kirk, 33A Pearl St., Essex Junction, VT 05452" from "Tyler Reed 400 S Hall St, Dallas, TX 75226." The parcel had a note attached that read "Customer doesn't know sender. Suspicious contents white powder inside a pouch". I requested Inspector Kristin Miller be present during the remainder of the search. I discovered 3.5 grams of a light brown powdery substance consistent with heroin inside a small heat-sealed baggie. I cut open the baggie to field test the substance. The substance field tested positive for heroin. I sealed the baggie before placing it in an evidence bag.

3

8. On November 25, 2020, an employee at the Essex Junction post office informed me that they received the above-mentioned parcel on November 21, 2020 from an employee at the Pearl Street post office in Essex Junction, VT. The Pearl Street post office employee reported that a customer brought the opened parcel in and said they had no idea who it came from, but they found a white powdery substance inside.

9. On December 16, 2020, I was contacted by an employee at the Essex Junction, VT post office. The employee identified two parcels addressed to Wilhemenia Kirk, 33 Pearl St. Apt A, Essex Junction, VT 05452. The first Priority Mail parcel 9405 5368 9784 6415 2241 52 had a return address from "Barbie Johnson, 104-21 47th Ave, Corona, NY 11368". The second parcel 9374 8897 5600 9045 7173 08 was from "Amazon Fulfillment Services, 172 Trade Street, Lexington, KY 40511".

10. On December 16, 2020, I parked my undercover law enforcement vehicle at 32 Pearl Street, Essex Junction, VT 05452. I had a clear, and unobstructed view of 33, and 35 Pearl Street, Essex Junction, VT 05452. The purpose of the surveillance was to watch the carrier deliver the parcels. At 10:32 AM I used binoculars to watch Kate Morrison walk two dogs back to her residence, and enter 35 Pearl Street Apt. 2, Essex Junction, VT. I was able to clearly identify Kate Morrison based on photos of her. At 10:50 AM Andrew Morrison retuned home, parked his red pickup truck in the driveway and entered 35 Pearl Street Apt 2, Essex Junction, VT. At 11:27 AM a United States Postal Service (USPS) carrier on a walking route, delivered the parcels, along with other mail, to the uppermost mail slot intended for Apartment A, attached to 33 Pearl Street, Essex Junction, VT 05452. The carrier then walked to 35 Pearl Street Apt 2, Essex Junction, VT and delivered mail. At 11:30 AM Kate Morrison exited 35 Pearl Street Apt 2, Essex Junction, VT and walked to the mail slot attached to 33 Pearl Street Apt A, Essex

4

Junction, VT. I saw Kate Morrison remove both parcels from the mail slot intended for 33 Pearl Street Apt A. Kate Morrison examined both parcels and placed the Amazon parcel back into the mail slot for 33 Pearl Street Apt A, Essex Junction, VT. Kate Morrison slipped Priority Mail parcel 9405 5368 9784 6415 2241 52 under her jacket and walked back to 35 Pearl Street Apt 2, Essex Junction, VT. The surveillance operation concluded after Kate Morrison entered 35 Pearl Street Apt 2, Essex Junction, VT with the Parcel addressed to "Wilhemenia Kirk, 33 Pearl St. Apt A, Essex Junction, VT 05452" from "Barbie Johnson, 104-21 47th Ave, Corona, NY 11368".

11. On January 5, 2021, I identified a Priority Mail Express parcel 9405 5368 9784 6415 2241 52 addressed to "Dustin Seguin, 33 Pearl St. Apt B, Essex Junction, VT 05452-4159" from "Chance Stinger, 1830 Peralta Way, Hanford, CA 93230". The Priority Mail Express parcel was located by employees at the Essex Junction, Vermont post office upon my request. The Subject Parcel was scheduled for delivery that same day.

12. On January 5, 2021, I parked my undercover law enforcement vehicle at 32 Pearl Street, Essex Junction, VT 05452. I had a clear, and unobstructed view of 33, and 35 Pearl Street, Essex Junction, VT 05452. The purpose of the surveillance was to watch the carrier deliver the parcel. At 9:47 AM I noticed a red Chevy Silverado truck with VT license plate 114A989 parked in the drive way. I witnessed Andrew Morrison driving the same truck on December 16, 2020, during a previous surveillance operation. At 9:59 AM I used binoculars to watch Kate Morrison walk out of 35 Pearl Street Apt. 2, Essex Junction, VT and collect the mail from the mail slot near her door. Kate Morrison then entered her residence and shut the door. At 10:18 AM a United States Postal Service (USPS) carrier on a walking route, delivered the parcel to the mail slot intended for Apartment B, attached to 33 Pearl Street, Essex Junction, VT 05452.

5

The mail slot was second from the top slot. The carrier then walked to 35 Pearl Street Apt 2, Essex Junction, VT and delivered mail. At 10:19 AM Kate Morrison exited 35 Pearl Street Apt 2, Essex Junction, VT and walked to the mail slot attached to 33 Pearl Street Apt B, Essex Junction, VT. Kate Morrison removed the parcel intended for 33 Pearl Street Apt B. Kate Morrison carried the parcel back to 35 Pearl Street Apt 2, Essex Junction, VT. The surveillance operation concluded after Kate Morrison entered 35 Pearl Street Apt 2, Essex Junction, VT with the parcel addressed to "Dustin Seguin, 33 Pearl St. Apt B, Essex Junction, VT 05452-4159" from "Chance Stinger, 1830 Peralta Way, Hanford, CA 93230".

13. On February 2, 2021, I received from this Court a warrant to search a parcel addressed to "KATE MORRISON, 35 PEARL ST, ESSEX JUNCTION VT 05452-3690." A copy of the Search Warrant and Affidavit is attached to this Application and incorporated by reference in this Affidavit. See Exhibit 1 (No. 2:20-mj-72). As Exhibit 1 explained, 35 Pearl Street, Essex Junction, VT 05452-3690, appeared to be associated with illegal shipments of controlled substances. See id. ¶ 6. The parcel listed in Exhibit 1 was searched, and found to contain 2.5 grams of a tan powder substance that field tested positive for heroin.

14. On February 26, 2021, I collected Subject Parcel 1 from the Essex Junction post office, and secured it inside my office located at 8 New England Drive, Essex Junction, VT 05452.

15. On March 16, 2021, I collected Subject Parcel 2 from the Essex Junction post office, and secured it inside my office.

16. According to my review of Postal Service records 35 Pearl Street, Essex Junction, VT 05452 has received 102 parcels in the past year. Eight of the 102 parcels originated from

6

Florida. Three of the 102 parcels originated from Missouri. ~~The parcel listed in Exhibit 4 also originated from Florida.~~ DK 3/29/21

17.  As a Postal Inspector, I have access to law enforcement databases including the Thomson Reuters Consolidated Lead Evaluation and Reporting ("CLEAR") system. CLEAR is used to locate individuals, businesses and assets by searching, among other things, publicly available information from utility and phone company records, real estate records, certain tax and criminal records, and information provided by credit bureaus. CLEAR collects and aggregates such information such that multiple datasets can be searched at once. According to CLEAR, the system gathers information from government agencies and reputable private suppliers such as credit bureaus; it does not display personal information collected from individuals. CLEAR is searchable using different criteria including names, addresses, telephone numbers and other identifiers or combinations of identifiers.

18.  According to my review of information in CLEAR, "Gladys Choi" does not exist at the listed return address in North Miami, FL. I broadened my search, and according to my review of information in CLEAR, "Gladys Choi" does not exist in Florida.

19.  According to my review of information in CLEAR, "PFANNERSTILL PLC" does not exist at the listed return address in Springfield, MO. I broadened my search, and according to my review of information in CLEAR, "PFANNERSTILL PLC" does not exist in Missouri.

20.  On March 23, 2021, Postal Inspector Kristin Miller met Canine Officer Sarah Keller of the South Burlington Police Department at my office inside the Burlington P&DC. At that time, Officer Keller and her certified controlled substance detection dog, Rush, conducted an external sniff of the Subject Parcel's. To conduct the sniff, Subject Parcel 1 was placed in the

7

left cabinet of a desk located in an office. Officer Keller and Canine Rush were not present during the parcel staging. Officer Keller was not privy to where Subject Parcel 1 was placed. Inspector Miller observed Canine Rush perform a free sniff of the area. When Canine Rush reached Subject Parcel 1, he took a deep intake, performed a head snap and sat down next to Subject Parcel 1. Officer Keller informed Inspector Miller that Canine Rush had alerted to Subject Parcel 1.

21. Subject Parcel 2 was placed in the second drawer down on the left side of the of a desk located in the computer lab. Officer Keller and Canine Rush were not present during the parcel staging. Officer Keller was not privy to where Subject Parcel 2 was placed. Inspector Miller observed Canine Rush perform a free sniff of the area. When Canine Rush reached Subject Parcel 2, he took a deep intake, performed a head snap and sat down next to Subject Parcel 2. Officer Keller informed Inspector Miller that Canine Rush had alerted to Subject Parcel 2.

22. On March 26, 2021, I collected Subject Parcel 3 from the Essex Junction post office, and secured it inside my office.

23. According to my review of information in CLEAR, "James Lang" does not exist at the listed return address in Jamaica, NY.

24. On March 26, 2021, I met Canine Officer Sarah Keller of the South Burlington Police Department at my office inside the Burlington P&DC. At that time, Officer Keller and her certified controlled substance detection dog, Rush, conducted an external sniff of Subject Parcel 3. To conduct the sniff, Subject Parcel 3 was placed in a filing cabinet bottom drawer, located in an office. Officer Keller and Canine Rush were not present during the parcel staging. Officer Keller was not privy to where Subject Parcel 3 was placed. I observed Canine Rush

8

perform a free sniff of the area. When Canine Rush reached Subject Parcel 3, he took a deep intake, performed a head snap and sat down next to Subject Parcel 3. Officer Keller informed me that Canine Rush had alerted to Subject Parcel 3.

25. In April of 2018, Canine Rush graduated from the Basic Canine Drug Detection School, sponsored by the Vermont Police Academy. Canine Rush successfully completed the six-week program and has been certified by the Vermont Criminal Justice Training Council. Canine Rush was certified, after his reliability was tested in a controlled setting, to detect the presence of cocaine, crack cocaine, heroin, ecstasy, methamphetamine, and various forms of used drug paraphernalia. In addition, Canine Rush was trained to detect the above-mentioned illicit drugs while contained in various packaging and was further able to detect monies tainted/contaminated with one or more of these illicit drugs. Canine Rush's standard alert is a change in behavior, intake of air, look at Officer Keller, then sit or lay down when he encounters the presence of the above-mentioned controlled substances. Canine Rush's latest re-certification was in December of 2020.

26. Following the positive alert from the external sniff, Inspector Miller retained the Subject Parcel's and secured them in my office at 8 New England Drive, Essex Junction, VT 05452.

27. I also know from my training and experience the following:

   a. Drug traffickers mailing controlled substances frequently use U.S. Postal Service Priority Mail Express and Priority Mail services to ship unlawful controlled substances, and the recipients of those unlawful drugs often use U.S. Postal Service Priority Mail Express and Priority Mail services to ship the proceeds of the illegal sale of controlled substances. These

9

controlled substances and the proceeds of the illegal sale of controlled substances are often found during parcel investigations and interdictions.

b. Drug traffickers use U.S. Postal Service Priority Mail Express and Priority Mail services because of the reliability of delivery, speed of delivery, low cost, the customer's ability to track the package's shipment online, as well as the low risk of detection by law enforcement. Shippers using Priority Mail Express and Priority Mail services pay for the benefit of being able to confirm the delivery of the parcel by checking the U.S. Postal Service internet website or calling a toll free number.

c. Drug traffickers who mail controlled substances, and the drug purchasers who send payment in the form of cash or other drugs, often use false or incomplete information in labeling the parcels, as well as dated information. In this way, drug traffickers can distance themselves from the package containing controlled substances or from the proceeds of the sale of the controlled substances in the event the package is intercepted by law enforcement.

d. Drug traffickers who mail controlled substances, and the drug purchasers who send payment in the form of cash or other drugs, will often use post offices located in surrounding cities rather than their post office of delivery, to mail their parcels. In this way, drug traffickers can distance themselves from the package containing controlled substances or from the proceeds of the sale of the controlled substances.

## CONCLUSION

28. It is further requested that the Court authorize execution of this warrant at any time of day or night, as the Subject Parcel is in law enforcement custody.

29. Based on the foregoing, I believe that there is probable cause to search the Subject Parcel for evidence or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b) and 846.

Dated at Burlington, in the District of Vermont, this 29 day of March, 2021.

_____
JONATHAN DUNHAM
U.S. Postal Inspector

Subscribed and sworn to before me this 29 day of March 2021.

_____
HON. GEOFFREY W. CRAWFORD
Chief United States Judge
District of Vermont

11